**GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED STATES AND CANADA, LOCAL UNION NO. 139**

v.

**ANCHOR HOCKING CORPORATION.**

Civ. A. No. 72–966.

United States District Court, W. D. Pennsylvania.

July 25, 1973.

Jubelirer, McKay, Pass & Intrieri, Pittsburgh, Pa., for Glass Bottle Blowers of America.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Anchor Hocking Corp.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a civil non-jury proceeding filed pursuant to 29 U.S.C.A. § 185. Plaintiff is seeking a reversal and remand of an arbitrator's decision which denies the members of plaintiff union the right to act as sweepers in the Forming Department of defendant's Connells-ville, Pennsylvania, plant. The parties have been afforded a full and complete trial of the issues presented, and the Court has considered the briefs and argument of counsel. Based thereon, it must be concluded that plaintiff is not entitled to any relief.

The facts may be briefly stated. Essentially plaintiff contends that the award of the arbitrator is invalid and improper because it was entered prior to receipt of the union's brief. After testimony and exhibits were presented to the arbitrator in a hearing held on May 25, 1972, it was mutually agreed by the parties that briefs would be submitted thirty days after receipt of the transcript of said hearing. The transcript was received by the parties on June 26, 1972. The problem which exists is that the arbitrator's decision was rendered on July 24, 1972, although plaintiff's brief was not placed in the mail until July 25, 1972.

Ordinarily such a state of facts would dictate a remand to the arbitrator for evaluation of the brief filed by the unions. However, it is readily apparent that the union brief, a copy of which is attached hereto and made a part thereof, added nothing to the testimony and evidence before the arbitrator. He had the full benefit of the position of the parties as reflected in the transcript of the May 25, 1972, hearing.

Although the circumstances and procedures presented here are perhaps somewhat unusual, this Court cannot say that the failure to consider a party's brief amounts to gross misconduct or severe procedural irregularities, when the award is in other respects lawful. There would, therefore, be no basis for overturning the present arbitration award. Ludwig Honold Manufacturing Company v. Fletcher, 405 F.2d 1123 (3d Cir. 1969).

Findings of fact and conclusions of law have not been separately stated but are contained in the body of the foregoing Opinion as specifically authorized

by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And Now, this 25th day of July, 1973, judgment is hereby entered in favor of defendant and against plaintiff; the above proceeding is accordingly dismissed with prejudice.